CITY OF CHARLESTOWN vs. THE COUNTY COMMISSIONERS OF MIDDLESEX.

A new location of the Fitchburg Railroad Company duly made and filed in conformity with its actual construction, under St. 1855, c. 240, exempts the land within its limits from taxation.

A railroad company gave in a tax list as follows: " To the Assessors of the City of C. The F. R. R. Co. submit and bring in the following list of all the estate of said Co., in said C., subject to taxation, being all the real estate of said Co. in said C. except that embraced and contained in the location of said Co.'s railroad, made and filed according to law, that is to say, three hundred and forty eight thousand and three hundred and ten square feet of land and wharf with the buildings thereon — the same lying between Prison Point, so called, and Warren Avenue, valued at $350,000.   F. R. R. Co., by M. D. B., Treasurer.   Then personally appeared M. D. B., Treasurer, and made oath that the above statement by him subscribed was true.   T. G., Assessor."   Held, sufficient under St. 1853, c. 319, § 3.

PETITION for certiorari, directing the county commissioners of the county of Middlesex to produce their records in the matter of the application of the Fitchburg Railroad Company for

an abatement of taxes assessed on said company by the city of Charlestown for the year 1859. The list of taxable property furnished by the company to the assessors was as follows:

" To the Assessors of the City of Charlestown. The Fitchburg Railroad Company submit and bring in the following list of all the estate of said company, in said Charlestown, subject to taxation, being all the real estate of said company, in said Charlestown, except that embraced and contained in the location of said company's railroad, made and filed according to law, that is to say, three hundred and forty eight thousand and three hundred and ten square feet of land and wharf with the buildings thereon — the same lying between Prison Point, so called, and Warren Avenue, valued at $350,000.

" Fitchburg Railroad Company,
" By M. D. Benson, Treasurer.

" Charlestown, May 2, 1859.

"June 7, 1859. Then personally appeared M. D. Benson, Treasurer, and made oath that the above statement by him subscribed was true.        Thomas Greenleaf, Assessor."

The case, by consent of the parties, was reserved and reported by *Hoar*, J., for the determination of the whole court, and is stated in the opinion.

*J. G. Abbott & J. Dana*, for the petitioners, cited, as to the sufficiency of the list, *Winnisimmet Co.* v. *Assessors of Chelsea*, 6 Cush. 477; *Newburyport* v. *County Commissioners*, 12 Met. 211; *Lincoln* v. *Worcester*, 8 Cush. 55; *Porter* v. *County Commissioners*, 5 Gray, 365.

*H. C. Hutchins*, for the respondents.

MERRICK, J.* By the provisions of *St.* 1855, c. 240, the Fitchburg Railroad Company were authorized, in order to correct any irregularity or insufficiency in the location of their road, to file with the county commissioners of the counties of Worcester and Middlesex a new location of it, in conformity with its actual construction, as it was then already built; which, when duly filed, was to become and be " valid and sufficient in law

---

\* HOAR, J. did not sit in this case.

to all intents and purposes." In pursuance of the authority thus conferred, the corporation afterwards made and filed with the commissioners of the county of Middlesex a new location of a part of their road upon and over land belonging to them situate within the limits of the city of Charlestown. It was suggested at the argument, in behalf of the petitioners, that this did not correspond with, but was an enlargement of, the original location, although no such fact appears from the statements in the report or in any of the papers accompanying it. But this is quite immaterial, since, by the positive terms of the statute, the new location made in conformity to its actual construction, upon being duly filed, is made valid and effectual for all purposes whatever.

One of the rights to which a railroad corporation becomes by law entitled, under a lawful location of their road, is an exemption from taxation of land included within its limits not exceeding five rods in width, necessary for use in the transportation of persons or property, or for buildings required in the transaction of their business. Rev. Sts. *c.* 39, § 45. *Worcester* v. *Western R. R. Co.* 4 Met. 564. The Fitchburg Railroad Company, therefore, having lawfully made a location of their road, five rods in width, over land of their own in the city of Charlestown, and it not being denied that this was essential to the convenient conduct and management of their affairs, they were not liable to be assessed for the value of any part of the land over which the location extended.

Before any assessment of taxes in the city of Charlestown for the year 1859 was made, the Fitchburg Railroad Company by their proper officer, presented to the assessors of the city a paper, to the truth of the contents of which the treasurer of the corporation made oath before one of the board. This, it is contended in their behalf, was a proper list of all their taxable estate in the city, and was duly sworn to according to the requirements of law. Their land lying within the limits of their location, having been subsequently included in the general valuation of property and estates liable to taxation within the city, and the corporation having been assessed therefor, application

was made to the assessors to abate so much of the tax against the corporation as was assessed to them on account of this land. But they refused to make any abatement; and thereupon application was made to the county commissioners for the same purpose, who, after having given due notice to the petitioners, and having heard the parties, determined that the tax assessed against the corporation for the land included within the limits of their location was erroneous, and ordered an abatement of a proportional part of the tax accordingly. The petitioners deny the validity of this order and determination upon the ground, first, that no proper or sufficient list of their taxable estate was filed by the corporation with the assessors, and, secondly, that the paper which was in fact filed with them was not sworn to according to the requirements of the statute. And, therefore, they deny that the corporation had a right to apply to the commissioners for any abatement, or that the latter could lawfully take cognizance of their petition or afford the relief which they sought for by it.

But neither of these objections is warranted by the facts. The paper presented to and filed with the assessors purported in its statements to be a description of all the estate belonging to the corporation subject to taxation in the city of Charlestown. It is, in direct terms, called by them a list of all their estate. The description of the real estate mentioned in it is so clear and distinct, that the land referred to could not be mistaken by any persons seeking to find it. It is bounded on the one side by Prison Point and on another by Warren Avenue, both well known objects to serve as monuments, and occupied in fact by them under the location of their road. The whole estate being accurately described, and the part exempt from taxation being indicated by a distinct reference to the public record of their location, filed with the county commissioners, it gave to the assessors all the information which could be of any use to them in the discharge of their duty in the assessment of the city tax. This was therefore a sufficient list. The statute requires that the person presenting such list shall make oath that it is, according to his best knowledge and belief, a full, true and accurate list of all his taxable

estate. In this case the treasurer of the corporation presented to the assessors the list signed by himself, containing in clear and distinct terms a statement that the estate described in it was all the estate belonging to the corporation situate in the city of Charlestown, which was subject to taxation therein. And he made oath that that statement was true. This is a real and substantial compliance with the requirements of the statute, and was equally as effectual as if the oath had been administered in the very words in which it is expressed.

The conclusion, therefore, is, that the assessment upon that portion of the land of the Fitchburg Railroad Company included within the limits of their location was erroneous; that they had a right to apply, upon the refusal of the assessors to make any abatement, to the county commissioners; and that their order and determination upon the subject were correct.

*Petition dismissed with costs.*